IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Knowlton Construction Company, :

        Plaintiff,            :

    v.                   :      Case No. 2:07-cv-0748

Liberty Mutual Insurance    :      JUDGE MARBLEY
Company,
                       :

        Defendant.

<u>REPORT AND RECOMMENDATION</u>

      On June 29, 2007, plaintiff Knowlton Construction Company
filed a complaint in the Logan County Court of Common Pleas
against defendant Liberty Mutual Insurance Company. Among other
things, the complaint sought a declaration that Liberty Mutual
was required to defend and indemnify Knowlton in a state-court
action involving Knowlton's work on the Belmont Correctional
Institution. Knowlton's complaint also pleads state-law claims
sounding in breach of contract and bad faith and seeks damages on
both claims.

      Liberty Mutual removed the case to this Court pursuant to 28
U.S.C. §§1441 and 1446 on the basis of diversity of citizenship.
Knowlton has filed a motion requesting the Court not to exercise
its jurisdiction under the Declaratory Judgment Act, 28 U.S.C.
§2201, and to remand this case to the Logan County Court of
Common Pleas. The jurisdictional requirements of 28 U.S.C. §1332
(complete diversity of citizenship and more than $75,000 in
controversy) are not contested. For the following reasons, it
will be recommended that the motion to remand be denied.

I.

      In support of its motion for remand, Knowlton relies on a

recent decision of the Sixth Circuit Court of Appeals holding
that a district court abused its discretion in exercising
jurisdiction over a declaratory judgment action that sought a
determination of insurance coverage for an underlying state
wrongful death suit.  <u>See</u> <u>Travelers Indem. Co. v. Bowling Green</u>
<u>Professional Assoc., PLC</u>, 495 F.3d 266 (6th Cir. 2007).
<u>Travelers</u> noted that the language of the Declaratory Judgment Act
grants a district court "discretion in determining whether and
when to entertain...[such an action], even when the suit
otherwise satisfies subject matter jurisdictional prerequisites."
<u>Id</u>. at 271 (citations omitted).  The Court of Appeals, relying on
certain factors identified in two prior decisions, <u>Grand Trunk</u>
<u>W.R.R. Co. v. Consolidated Rail Co.</u>, 746 F.2d 323, 326 (6th Cir.
1984) and <u>Scottsdale Ins. Co. v. Roumph</u>, 211 F.3d 964, 967 (6th
Cir. 2000), concluded that these factors weighed against the
district court's decision to exercise its discretionary
jurisdiction under the Declaratory Judgment Act.  <u>Id</u>. at 271-73.
Briefly stated, <u>Travelers</u> stands for the proposition that when
the declaratory judgment action filed in federal court would
still leave issues unresolved in the underlying state court
action, where state law provides the rule of decision in the
declaratory judgment case, where the factual development of
issues in the state court will influence the coverage issue, and
where the parties have adequate remedies in the state court
system, a district court abuses its discretion in exercising
jurisdiction.

Liberty Mutual argues that <u>Travelers</u> can be distinguished
because this case was initially brought in state court by the
insured rather than the insurer so that the federal Declaratory
Judgment Act is not implicated.  <u>See</u> <u>Edwards & Caldwell, LLC v.</u>
<u>Gulf Ins. Co.</u>, slip op., 2005 U.S. Dist. LEXIS 27506 (D.N.J. Aug.
29, 2005).  In <u>Edwards & Caldwell</u>, the court held that because

the plaintiff had not invoked the federal Declaratory Judgment
Action in either its state-court complaint or following removal,
the line of cases calling for the decline of jurisdiction in
declaratory judgment actions involving only state-law issues was
inapplicable.  Id. at p. 2.  Accordingly, the court refused to
remand the case.  Id.

II.

In the Court's view, Edwards & Caldwell is inconsistent with
Sixth Circuit case law and is not well-reasoned.  In National
Union Fire Ins. Co. of Pittsburgh, PA v. Rodriguez, slip op.,
2004 WL 3257089 (E.D. Mich. Feb. 12, 2004), the court followed a
line of decisions in other circuits holding that the Declaratory
Judgment Act is implicated in diversity cases whether an action
is originally filed in federal court or removed there by the
defendant.  (citations omitted).  See also University of Georgia
Athletic Assn. v. Fireman's Fund Ins. Co., slip op., 2006 WL
1652482 at p.2 (M.D. Ga. Jun. 13, 2006) (The rationale underlying
a decision not to exercise jurisdiction under the Declaratory
Judgment Act in an original proceeding applies with equal force
to the remand of a removed state-court declaratory judgment
action).  Moreover, in at least one reported decision, a court in
the Sixth Circuit remanded a case to the state court from which
it had been removed  after considering the factors used to
determine whether to entertain or dismiss the case under the
Declaratory Judgment Act.  Maryland Ins. Group v. Roskam Baking
Co., 6 F.Supp.2d 670, 673 (W.D. Mich. 1998).

This analysis, however, does not end the inquiry into
whether Travelers is distinguishable.  Both parties agree that
this case differs from Travelers because Knowlton asserted two
claims for monetary damages in addition to its claim for
declaratory relief.   The parties ascribe contrasting
significance to this fact, but neither supports its position with

any sort of legal analysis.  In the Court's view, the presence of
these claims is dispositive of the motion to remand (although not
necessarily dispositive of whether the Court should exercise
jurisdiction over the declaratory judgment claim).

The United States Supreme Court has recognized the
distinction as an important one.

> We have...held that in cases where the relief
> being sought is equitable in nature or
> otherwise discretionary, federal courts not
> only have the power to stay the action based
> on abstention principles, but can also, in
> otherwise appropriate circumstances, decline
> to exercise jurisdiction altogether by either
> dismissing the suit or remanding it to state
> court.  By contrast, while we have held that
> federal courts may stay actions for damages
> based on abstention principles, we have not
> held that those principles support the
> outright dismissal or remand of damage
> actions.

Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 721 (1996).

In this case, Knowlton has sought the remand of this case
to state court despite the fact that the complaint includes
damage claims as well as discretionary relief.  This Court has
jurisdiction over Knowlton's damage claims which exists
separately from Knowlton's claim for declaratory relief.  That
is, if the complaint had simply requested damages for breach of
contract and bad faith, the case could still have been removed
because all of the jurisdictional requirements of §1332(a) are
met with respect to those claims.

The exercise of jurisdiction over damage claims is
mandatory and not discretionary as it is for the declaratory
judgment claim.  See United National Ins. Co. v. R&D Latex
Corp., 242 F.3d 1102, 1112 (9th Cir. 2001)("The appropriate
inquiry for a district court in a Declaratory Judgment Act case
is to determine whether there are claims in the case that exist

independent of any request for purely declaratory relief, that is, claims that would continue to exist even if the request for a declaration simply dropped from the case")(quoting Snodgrass v. Provident Life and Acc. Ins. Co., 147 F.3d 1163, 1167-68 (9th Cir. 1998)); if so, "the district court abused its discretion by remanding to state court." Id. at 1113. See also Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225-26 n.6 (9th Cir. 1998)("Because claims of bad faith, breach of contract, breach of fiduciary duty and rescission provide an independent basis for federal diversity jurisdiction, the district court is without discretion to remand or decline to entertain these causes of action"); Southwind Aviation, Inc. v. Bergen Aviation, Inc., 23 F.3d 948, 951 (5th Cir. 1994)(Inclusion of coercive remedies for breach of contract indisputably removed suit from ambit of declaratory judgment action).

III.

Here, then, the Court is faced with a request to remand an entire case to state court when the removal was proper, and where the Court has a mandatory obligation to exercise jurisdiction over two of the three claims in the complaint. Such remand is simply improper. The Court has no need, for purposes of ruling on the motion for remand, to determine if it should ultimately exercise jurisdiction over the declaratory judgment claim, because that determination is irrelevant to the question of remand. Accordingly, this Court RECOMMENDS that the motion to remand (doc. #9) be DENIED.

PROCEDURE ON OBJECTIONS

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or

part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.


/s/ Terence P. Kemp
United States Magistrate Judge