IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Knowlton Construction Company, :

    Plaintiff,                :

  v.                                   :        Case No. 2:07-cv-0748

Liberty Mutual Insurance     :        JUDGE MARBLEY
Company,
                                       :

    Defendant.

<u>OPINION AND ORDER</u>

This matter is before the Court on the motion to intervene as a third-party plaintiff filed by Design Group, Inc. ("DGI"). By way of background, DGI was the lead architect and project associate for the construction of the Belmont Correctional Institution in Belmont County, Ohio. DGI hired Knowlton Construction Company ("Knowlton"), the plaintiff in this case, to perform construction management services. Pursuant to the contract between DGI and Knowlton, Knowlton obtained insurance from the defendant in this case, Liberty Mutual Insurance Company ("Liberty"). As required, Knowlton named DGI as an "Additional Insured" under its general liability policies with Liberty. In 2006, the State of Ohio sued DGI for its role in the construction. Subsequently, DGI filed third-party claims against Knowlton and other entities. That case is currently pending in the Ohio Court of Claims as Case No. 2006-04326 (the "state-court action"). Knowlton,a dissolved corporation, filed the present action seeking damages and a declaration that Liberty is required to defend and indemnify Knowlton in the state-court action.

      Citing its status as an Additional Insured, DGI seeks to intervene of right under Fed. R. Civ. P. 24(a) and permissively

under Fed. R. Civ. P. 24(b).  In its motion and proposed complaint in intervention, DGI asserts that its request for intervention is limited to the claims for declaratory relief and cites to the Declaratory Judgment Act, 28 U.S.C. §2201, in support of this Court's jurisdiction. See Motion to Intervene at 4 and Complaint at ¶5.

To the contrary, Liberty asserts that DGI is not entitled to intervene under either provision of Fed. R. Civ. P. 24 because DGI lacks a substantial legal interest in the subject matter of this action.  For the following reasons, DGI will be granted permissive intervention pursuant to Fed. R. Civ. P. 24(b).

I.

Fed. R. Civ. P. 24 was amended effective December 1, 2007 as part of the general restyling of the Civil Rules.  Intervention of right is governed by Fed. R. Civ. P. 24(a) which, as amended, provides, in pertinent part,

> On timely motion, the court must permit anyone to intervene who: ... (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Sixth Circuit applies a four-part test to Fed. R. Civ. P. 24(a) motions.  This test requires the moving party to establish (1) that the motion was filed timely, (2) that a substantial legal interest is involved, (3) that an interest will be impaired without intervention, and (4) inadequate representation by the current parties.  Michigan State AFL-CIO v. Miller, 103 F.3d 1240,1245 (6th Cir. 1997)(citing Cuyahoga Valley Ry. Co. v. Tracy, 6 F.3d 389, 395 (6th Cir. 1993)).

Permissive intervention is governed by Fed. R. Civ. P.

24(b). This rule, as amended, states, in relevant part:

> On timely motion the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact.

In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Fed. R. Civ. P. 24(b)(3). If the motion to intervene is timely and there is at least one common question of law or fact, the Court must then balance various factors, including undue delay, prejudice to the original parties, and any other relevant factors. <u>Miller</u>, 103 F.3d at 1248; <u>see</u> <u>also</u> <u>Purnell v. City of Akron</u>, 925 F.2d 941, 951 (6th Cir. 1991).

## II.

Turning first to the issue of intervention of right under Rule 24(a), there is no dispute that the motion to intervene is timely. With respect to the issue of a substantial legal interest, DGI contends that its contractual right to insurance coverage is a legally recognized interest which satisfies the Sixth Circuit's requirements under <u>Miller</u>. Further, DGI asserts that this interest will be impaired without intervention and that Knowlton does not adequately represent DGI's interest. According to DGI, it cannot rely on Knowlton to protect or adequately represent DGI's interest because Knowlton is a dissolved corporation and will not suffer any real harm if coverage is denied.

The primary focus of Liberty's challenge to DGI's intervention is that DGI has no substantial legal interest to protect. Liberty contends that DGI lacks such an interest for two reasons. First, DGI is not entitled to a defense under the plain language of the policies. Further, to the extent DGI seeks

indemnification, that issue is not ripe for adjudication.

In its reply brief, DGI concedes that it is not owed a duty of defense from Liberty.  Consequently, the Court will construe DGI's motion as seeking to intervene for the sole purpose of asserting the claim that Liberty would be required to pay any judgment rendered against DGI in the state court action to the extent that the judgment is based upon Knowlton's conduct.

At the outset, the Court notes that, as this case currently stands, no liability has been determined in the underlying state court action.  As a result, DGI's claimed substantial interest for purposes of intervention of right may be characterized as merely contingent.  The contingent nature of DGI's interest raises a number of issues with respect to intervention of right under Fed. R. Civ. P. 24(a).  However, because the Court finds, as set forth below, that permissive intervention under Fed. R. Civ. P. 24(b) is appropriate, a lengthy analysis of these issues is not necessary.  See League of Women Voters of Ohio v. Blackwell, 235 F.R.D. 388 (N.D. Ohio 2005); Cooey v. Taft, 2007 WL 582490 (S.D. Ohio February 20, 2007); Cooey v. Strickland, 2008 WL 471536 (S.D. Ohio February 15, 2008) (citing Secretary of Department of Labor v. King, et al., 775 F.2d 666 (6th Cir. 1985)).

### III.

Turning to the issue of permissive intervention under Rule 24(b), if the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors should be considered.  Miller, 103 F.3d at 1248.  Here, DGI's motion to intervene is timely.  Additionally, there is at least one question of law or fact in common relating to insurance coverage given that, pursuant to a contract between DGI and Knowlton, DGI is named as an Additional Insured under the

liability policies between Knowlton and Liberty, and Knowlton has asserted a claim for indemnification.

DGI has met the threshold requirements of Fed. R. Civ. P. 24(b) requiring the Court to examine factors such as delay, prejudice or other relevant matters.  See Miller.  With respect to the issue of delay, DGI seeks to intervene only with respect to the claims for declaratory relief and, as discussed above, this intervention will be limited to the issue of indemnification.  Further, DGI notes that many of its arguments will mirror those of Knowlton.  Under these circumstances, the Court does not believe DGI's intervention will complicate or delay this matter.  With respect to the issue of prejudice, Liberty has not asserted any prejudice it will suffer as a result of DGI's intervention.  Moreover, the Court cannot foresee any prejudice to either Liberty or Knowlton arising from DGI's intervention under the limitations set forth here.  Finally, the Court recognizes DGI's concerns regarding Knowlton's status as a dissolved corporation.  Consequently, this is an additional relevant factor that weighs in favor of DGI's limited permissive intervention in this matter.

IV.

Based upon the foregoing, the motion to intervene (#18) is granted.  DGI is permitted to intervene as a plaintiff (not a third-party plaintiff) on the limited issue of indemnification with respect to the claims for declaratory relief. It shall file its complaint in intervention within ten days.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Tulr 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to

objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


                                    /s/ Terence P. Kemp
                                    United States Magistrate Judge